IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  06-30020 |
| ) | |
| JASON WHITTEN, ) | |
| ) | |
| Defendant. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on September 25, 2006, for the sentencing of Defendant Jason Whitten.  Defendant Whitten appeared in person and by his attorney Assistant United States Public Defender Douglas Beevers.  The Government appeared by Assistant U.S. Attorney John Childress.  Whitten was indicted on March 1, 2006, in a two-count Indictment (d/e 5) that charged him with knowingly advertising child pornography for distribution in violation of 18 U.S.C. § 2251(d)(1)(A) (Count 1) and shipping and transporting child pornography in violation of 18 U.S.C. § 2252(a)(1) (Count 2).  On April 27, 2006, the Court accepted Defendant's open plea of guilty to both counts of the Indictment.  Minute

1

Entry, dated April 27, 2006. The matter proceeded to sentencing.

The Court was in receipt of a revised Presentence Report (PSR), dated September 11, 2006, prepared by the United States Probation Office. The Government had no objections to the PSR. Whitten objected to the PSR's recommendation that he receive a five-level enhancement in offense level under U.S.S.G. § 2G2.2(b)(5) for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor. After hearing evidence on the objection, the Court sustained the objection for reasons stated of record. The Court determined that, while it was clear that Whitten bragged about conduct that would fall under the enhancement, out of an abundance of caution, the Court declined to apply the enhancement, which requires proof that a defendant actually engaged in such conduct. The Court did consider his bragging statements on the internet that he had sexually molested his own two-month old daughter as a reason to sentence above the Guideline minimum on Count I.

There were no other objections, and thus, the Court accepted the PSR as written and adopted its findings. The two counts of conviction were grouped for Guideline purposes. Whitten's base offense level was 22 under U.S.S.G. § 2G2.2(a)(3). He received a two-level enhancement under

2

U.S.S.G. § 2G2.2(b)(2) because the offense involved prepubescent minors or minors under the age of twelve years. Whitten received a five-level enhancement under U.S.S.G. § 2G2.2(b)(3)(B) because the offense involved distribution for the receipt or expectation of receipt of a thing of value, but not for pecuniary gain. The Court applied a four-level enhancement under U.S.S.G. § 2G2.2(b)(4) based on the fact that the offense involved material that portrayed sadistic or masochistic conduct or other depictions of violence. Whitten received a two-level enhancement because the offense involved the use of a computer. U.S.S.G. § 2G2.2(b)(6). Finally, the Court applied a five-level enhancement under U.S.S.G. § 2G2.2(b)(7)(D) because the offense involved 600 or more images. Specifically, the Court noted that Whitten's offense involved 33,361 images. Whitten's resulting adjusted offense level after enhancements was 40. Whitten received a three-level reduction in offense level for acceptance of responsibility. U.S.S.G. § 3E1.1. Thus, Whitten had a total offense level of 37. Whitten had 11 criminal history points, placing him in Category V. An offense level of 37 and Criminal History Category V results in a U.S.S.G. sentencing range of 324 to 405 months imprisonment in Zone D of the Guideline range. However, Count 1 has a statutory maximum sentence of thirty years, thus the

U.S.S.G. sentencing range on Count 1 became 324 to 360 months. Similarly, Count 2 has a statutory maximum sentence of twenty years, thus the U.S.S.G. sentencing range on Count 2 became 240 months.[1]

THEREFORE, after considering the case file, including Defendant's Sentencing Memorandum (d/e 7), the PSR, the statements of counsel, the evidence submitted, Whitten's own statement, the applicable Sentencing Guidelines, and the sentencing factors set forth in 18 U.S.C. § 3553(a), for reasons stated of record, the Court sentenced Whitten to 360 months imprisonment on Count 1 (which would be the middle of the applicable Guideline range if there had been a higher statutory maximum) and 240 months imprisonment on Count 2 to run concurrently. The Court ordered Whitten to serve a term of natural life on supervised release on both counts to run concurrently, following his release from prison, Whitten was ordered to pay a $200.00 special assessment, due immediately, but based on Whitten's financial profile, the Court did not impose a fine. The Court advised Wilson of his appeal rights.

IT IS THEREFORE SO ORDERED.

---

[1] The Court notes that the U.S.S.G. are advisory, pursuant to United States v. Booker, 543 U.S. 220 (2005).

ENTER: September 27, 2006.

    FOR THE COURT:

s/ Jeanne E. Scott<br>JEANNE E. SCOTT<br>UNITED STATES DISTRICT JUDGE